IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV367-03-MU

| | |
|---|---|
| WINFORD CLARK HARKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER LAURA SPOY, ) | |
| OFFICER WALL ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, filed August 25, 2006. (Document No. 1. )

Plaintiff, an inmate at Lanesboro Correctional Facility, alleges that on or about September

19, 2005, he called Officer Spoy a "whore", spit in her face and kicked or kneed her (Complaint at

4.)  In response, Officer Spoy sprayed Plaintiff with pepper spray, slammed Plaintiff against a wall

and kicked him about his body.  At some point, Officer Wall came to assist Officer Spoy and

Plaintiff alleges that Officer Wall also hit him twice  (Id.)

Plaintiff filed a grievance on June 15, 2006 regarding the allegation in his Complaint.

Plaintiff appealed to step two of the grievance process on July 6, 2006 and sometime in August to

the Secretary of the Department of Corrections in pursuit of step three of the grievance process.

Plaintiff filed the instant Complaint on August 25, 2006.[1]

---

[1] Although Plaintiff appealed to step three of the grievance process, there is no indication
he received a response regarding his appeal.  Therefore, it appears that Plaintiff has not exhausted
the grievance process prior to filing his Complaint in federal court.  The PLRA, 42 U.S.C. §
1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before

1

Dockets.Justia.com

## ANALYSIS

**Plaintiff Has Not Stated An Excessive Force Claim**

Plaintiff alleges that Officers Spoy and Wall used excessive against him.  When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973).  In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimis injury.  Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

First, Plaintiff admits using profanity toward Officer Spoy and to spitting at her and either kicking or kneeing her.  Officer Spoy pepper sprayed Plaintiff and used force against him in response to his actions of force against her.  Therefore, it appears that Officer Spoy and Officer Wall were using force in an effort to restore discipline.

Moreover, Plaintiff does not allege any injury from the confrontation with Officers Spoy and Wall.  A plaintiff cannot merely rely on "conclusory allegations" and "must present more than naked allegations" to survive dismissal.  See Cochran v.Morris, 73 F.3d 1310, 1317 (4th Cir. 1989) and

---

suing over prison conditions.  There is no doubt that the PLRA's exhaustion requirement is mandatory.  See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.  All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective.  Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss.  Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

Adams v. Rice, 40 F.3d 72, 74 (4ᵗʰ Cir. 1994). Something more than de minimis injury is required

in order that state a claim for relief of assault by a guard. Norman v. Taylor, 25 F.3d 1259, 1263 (4ᵗʰ

Cir. 1994) (en banc) (absent extraordinary circumstances, no Eighth Amendment excessive force

claim exists where an injury sustained by the plaintiff is de minimis). Taking all of Plaintiff's

allegations as true, the "assault" he describes in his Complaint does not rise to the level of a

Constitutional claim because he does not allege any injury. Plaintiff has not stated a constitutional

claim, therefore his claim must be dismissed.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is

Dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: September 1, 2006

Graham C. Mullen
United States District Judge

3